### HILL v. W. U. TELEGRAPH COMPANY.

1. CIPHER TELEGRAM—DAMAGES.—In action to recover damages from a telegraph company for the improper transmission of a cipher telegram, the Circuit Judge erred in striking from the answer the allegation that the cipher was unintelligible to defendant, and was so intended to be by the sender, and that defendant was not informed of the importance of said message, nor of the probable consequences of a failure to transmit and deliver the same correctly and promptly.

Before WITHERSPOON, J., Abbeville, January, 1894.

This was an action by J. C. Hill against the Western Union Telegraph Company, commenced in June, 1893, to recover damages for the incorrect transmission of a telegram, which induced action by plaintiff that resulted in loss to him. The telegram sent was dated November 3, 1892, and read: "Sold your Jany. agitate blade." The copy received read: "Hold your Jany. agitate blade." The telegram was written on a blank form which declared that the company would not be liable for mistakes or delays in the transmission and delivery of an unrepeated message beyond the amount received for sending it, nor in any case for errors in cipher or obscure messages. The complaint alleged that the message in this case was repeated and guaranteed; this was denied in the answer.

*Messrs. Cothran, Wells, Ansel & Cothran,* for appellant.

*Messrs. Graydon & Graydon & Giles,* contra.

October 5, 1894.  The opinion of the court was delivered by

MR. JUSTICE POPE.  The present contention is now confined to an allegation that the Circuit Judge, Judge Witherspoon, erred when he ordered that paragraph 4 of defendant's answer be stricken out.

To make the issue between the parties more intelligible, it may be stated that the defendant in deciphering a cipher dispatch, addressed to the plaintiff, erred in determining that the sender had written the word "hold," when in fact the defendant should have deciphered it as the word "sold." The plaintiff alleging serious pecuniary loss from this failure of the defendant, has brought this action for $500 damages.  In the answer of defendant, amongst other things, in paragraph 4 he alleges: "IV. That said message was written in cipher, unintelligible to the defendant or its said agent, and was so intended to be by the said Fewell [the sender]; that the defendant was not informed of the importance of said message, nor of the probable consequence of a failure on its part to transmit and deliver the same correctly and promptly."

Now if the facts here alleged are necessary as the basis of a proposition of law which the defendant is entitled to have considered as a part of its defence to plaintiff's present action, it is evident that the Circuit Judge has erred.  Otherwise he has not.  In the light of our decided cases of *Aiken* v. *Telegraph Co.*, 5 S. C., 371, and *Pinckney* v. *Telegraph Co.*, 19 *Id.*, 71, and especially in view of the very recent decision of the United States Supreme Court in the action of *Primrose* v. *The Western Union Tel. Co.*, 154 U. S., 1, we are forced to conclude that the Circuit Judge erred in striking this paragraph from the answer.  We avoid saying more, because all these matters must necessarily come before the Circuit Court for adjudication, and lest we might inadvertently express some opinion on the merits of this interesting controversy.

It is the judgment of this court, that the order of the Circuit Judge, in so far as it orders paragraph 4 stricken from defendant's answer, be reversed.